## No. 12,654.

### SUCCESSION OF THOMAS J. LYONS.

Items of different accounts were taken to form a total in the final account.

They are not separate and distinct from the total acknowledged in the final account, and could not be allowed without charging the same item twice.

The last total was correct.

Succession of Lyons.

The husband or his heirs, who claim an amount, which went to the purchase of community property, must establish satisfactorily that the price was paid out by his separate fund.

An amount received by the husband, a few days prior to his death, not shown to have been retained (as charged) by the widow, was not deducted, as due by her, or by the community.

The claim had been rejected on opposition to a provisional account.

APPEAL from the Twelfth Judicial District Court for the Parish of Calcasieu.   *Read, J.*

R. L. *Belden* for Succession and Mary Meyland, Plaintiffs, Appellees.

*Pujo & Moss* and *G. R. Fournet* for Opponents, Appellants.

Submitted on briefs December 16, 1897
Opinion handed down December 28, 1897.
Rehearing refused February 7, 1898.

The opinion of the court was delivered by

BREAUX, J.   This was an action brought by the asserted purchaser, Mary Newland, of rights and claims.

The vendor of these rights and claims was Mrs. Adela Lyons, widow of Thos. J. Lyons.   It was alleged that prior to the sale she, the executrix, Adela Lyons, had presented a final account of administration of the succession of Thos. J. Lyons, of which she was the executrix.   The purchasers, opponents here, asked to have it homologated.

We find as a fact, that inventory was made in 1885, and the property was appraised at six thousand two hundred and thirty-eight dollars and six cents, and that at the sale this property brought four thousand one hundred and seventy-seven dollars and fifty-five cents.

In 1896, the forced heir, Mrs. Tabitha Lyons, filed a petition for the removal of the executrix, which was granted, the executrix was destituted from her office, and ordered to deliver the property to the petitioner.

The executrix filed several accounts during her administration and one after she had been ousted.

In the judgment dismissing her from office, the opposition to the provisional tableau and account of administration filed August 30, 1886, is sustained to some extent.

In 1890, Mrs. Tabitha Lyons, alleging that the executrix, Mrs. Adela Lyons, had failed to deliver the property as directed in the judgment destituting her; and had failed to file an account, moved the court to compel her to file a full and complete account of her administration. In compliance with the court's order she filed a final account and tableau of administration.

This account, Mary Newland, owner of all the rights and claims of Adela Lyons, desired to have homologated.

The legal heir, Mrs. Tabitha Lyons, opposed its homologation on the ground that there was no community or no gains during the second marriage of the late Thos. J. Lyons; that the executor should have been charged on the account with an item of one thousand eight hundred and twenty-five dollars, for which she was responsible, and that the petitioner held from the forced heir under a simulated title and had no standing in court.

A judgment was rendered in favor of Mary Newland, vendee of Adela Lyons. From the judgment the heirs of Tabitha Lyons, opponents, have appealed.

The appellants in the brief restated the account and claimed that she, the destituted executrix, had in her possession and retained as owner, as appears from the different provisional account, filed prior to the final account, a large amount that should be added to the amount for which judgment has been rendered, from which opponents appeal. This sum, the appellants assert, is fixed by the judicial admission of the executrix in her account and they claim that her liability for it is beyond question.

The position is correct if the accounts are taken and passed upon each, without reference to other accounts.

It was, manifestly, not the intention of the accountant to thus present them to the court. In the final account we find the first item made up of money collected from various claims, which had been previously carried in provisional accounts. This first item was one of the items which entered into the total active of the succession. The amounts admitted by the executrix were added to amounts afterward admitted as due by her in the final account.

Succession of Lyons.

If we were to add the......................................... .................... .... ..................................... .........$807 08
                                                                                                    152 92
                                                                                                    346 00
                                                                                                    ‾‾‾‾‾‾
                                                                                                  $1306 00

to the amount of the judgment as due by the executrix, the indebtedness would find no support by reference to the total of claims due the succession, as set forth in the inventory, nor by reference to the testimony of any of the witnesses.

In fine as we take the different accounts the sum of two thousand three hundred and twenty-four dollars and seventy-one cents, the first item before mentioned, includes the amount just stated.

In the second place, appellants argue, that the estate of the late Thomas J. Lyons should be distributed in the proportion of one-third to the surviving widow or her vendee, and the remaining two-thirds to Tabitha Lyons, the forced heir, because the deceased brought all the property, and there was really no community.

The principle is well settled, that conclusive evidence of the receipt by the husband of amounts during the existence of the community in payment of his individual property will not of itself be sufficient to hold the community indebted for the amount where there is no evidence that it was used in buying property which fell to the community.

We desire to adhere to a principle well settled in our jurisprudence. The property in the community at its dissolution presumably is owned by the community. It is equally as well settled that the husband or his heirs who seeks an amount furnished by him and which he claims to have been used in the purchase of community property must prove that the price was paid out of his separate funds. The evidence to sustain the claim for the price handed by the husband, out of his separate fund, to his vendor, must be as ample and satisfactory as if a third person were concerned.

With reference to a fund received during the community, claimed as having been used by the community, this court, in Succession of Forman, 38 An. 702, said: "But neither of these witnesses disclosed, if they knew, what disposition was made of any part of this property."

The case here is similar; the witnesses did not disclose what disposition was made of the funds.

Again, like "any other debt, its origin, character and amount must be shown." Denègre vs. Denègre, 30 An. 277.

The question was passed upon in a number of cases, notably, Belair vs. Dominguez, 26 An. 605; Succession of Glover, 2 An. 4; Succession of Viaud, 11 An. 297; Courtney vs. Andrews, 6 R. 508; Stewart vs. Pickard, 10 R. 18; Succession of Daigle, 15 An. 587.

Here the positions taken at different times are conflicting. The evidence shows that (ten years after a provisional account had been approved by a judgment rendered in due form) the surviving heir, Mrs. Tabitha Lyons, seeks to recover an amount she claims was used in buying property for the community.

While in her opposition to the provisional account filed years ago, which was rejected, she claimed a comparatively large amount as having been improperly retained by the surviving widow.

In other words, the heir claimed in opposition to her step-mother's account as executrix an amount of paraphernal funds as having been secretly appropriated by the widow—her step-mother—immediately after her husband's death—that is, the death of Thos. J. Lyons, father of opponents; subsequently, in another opposition, she claimed the same amount of paraphernal funds as having been used by her father in buying property for the community.

As relates to the ability of Adela Lyons, widow, to buy property since the community was dissolved, or during the existence of the community, there is no evidence before the court, save that one of the witnesses testified that she prior to her marriage always said that she was destitute.

It remains as a fact that there is not sufficient evidence to show that the fund of the separate estate was used in buying the property during the existence of the community.

The legal representatives of the children of the forced heir, the mother being dead, as before stated, claim, in addition, that Mrs. Lyons, widow, owes to the succession the sum of one thousand eight hundred and twenty-five dollars, which had been paid in cash to the deceased, while he was sick, confined to his bed, a few days prior to his death.

There is no evidence that the widow or the community ever received this amount. We would not be justified in inferring that one or the other must have received it, because it was handed by the debtor of Thomas J. Lyons to him, Lyons, a few days before he died. He may have used it as a separate fund. At any rate we will not

assume that it was wrongfully retained by widow and concealed from the heir, as alleged by her.

It is therefore ordered and adjudged that the judgment appealed from is affirmed.